IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEVEN M. LACERDA, | No. C 12-00588 EJD (PR) |
| Petitioner, | **ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS; DENYING CERTIFICATE OF APPEALABILITY** |
| v. | |
| KEVIN CHAPPELL, Warden, | |
| Respondent. | |

Petitioner has filed a pro se petition for a writ of habeas corpus under 28 U.S.C. § 2254 challenging his state conviction. For the reasons set forth below, the Petition for a Writ of Habeas Corpus is **DENIED**.

**BACKGROUND**

In 2004, Petitioner crashed his motorcycle while driving drunk, killing his passenger as a result. Petitioner pleaded guilty in Santa Clara County Superior Court to gross vehicular manslaughter while intoxicated (Cal. Penal Code § 191.5(a)),[1] driving under the influence causing injury (§ 25153(b)), hit and run

---

[1] All future statutory references are to the California Penal Code unless otherwise indicated.

Order Denying Petition; Denying COA
P:\PRO-SE\EJD\HC.12\00588Lacerda_denyHC.wpd

accident resulting in permanent serious injury or death (Veh. Code § 20001(a)(b)(2)), and a great bodily injury enhancement (id., § 20001(c)). (Ans. Ex. 1.) Petitioner was sentenced to 15 years in state prison: 10 years for gross vehicular manslaughter, and 5 years for the enhancement. (Id.) Petitioner also received a four-year concurrent sentence for the hit and run conviction. The trial court imposed and stayed a six-year sentence for driving under the influence.

Petitioner appealed the conviction. The Court of Appeal affirmed the judgment on July 23, 2008, and the state high court denied review on October 3, 2008. (Pet. at 3.) Petitioner's first series of state habeas petitions concluded when the state high court denied review on January 23, 2008. (Id. at 4.) Petitioner's second round of state habeas petitions concluded with the state high court denying review on December 21, 2011. (Id. at 5.) Petitioner's final series concluded when the state high court denied review on January 16, 2012. (Id. at 6.)

Petitioner filed the instant federal habeas petition on February 6, 2012.

## DISCUSSION

### I.   Standard of Review

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a state court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Under the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), a district court may not grant a petition challenging a state conviction or sentence on the basis of a claim that was reviewed on the merits in state court unless the state court's adjudication of the claim "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. §

2254(d). The first prong applies both to questions of law and to mixed questions of law and fact, Williams v. Taylor, 529 U.S. 362, 384-86 (2000), while the second prong applies to decisions based on factual determinations, Miller-El v. Cockrell, 537 U.S. 322, 340 (2003).

"Under the 'contrary to' clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by [the Supreme] Court on a question of law or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." Williams, 529 U.S. at 412-13. A state court decision is an "unreasonable application of" Supreme Court authority, falling under the second clause of § 2254(d)(1), if the state court correctly identifies the governing legal principle from the Supreme Court's decisions but "unreasonably applies that principle to the facts of the prisoner's case." Id. at 413. The federal court on habeas review may not issue the writ "simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411.

"Under the 'unreasonable application' clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from [the Supreme Court's] decisions but unreasonably applies that principle to the facts of the prisoner's case." Williams, 529 U.S. at 413. "Under § 2254(d)(1)'s 'unreasonable application' clause, . . . a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Id. at 411. A federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was "objectively unreasonable." Id. at 409. The federal habeas court must presume correct any determination of a factual issue made by a state court unless the petitioner rebuts the presumption of correctness by clear and convincing evidence. 28 U.S.C. § 2254(e)(1).

The Supreme Court has vigorously and repeatedly affirmed that under AEDPA, there is a heightened level of deference a federal habeas court must give to state court decisions. See Hardy v. Cross, 132 S. Ct. 490, 491 (2011) (per curiam); Harrington v. Richter, 131 S. Ct. 770, 783-85 (2011); Felkner v. Jackson, 131 S. Ct. 1305 (2011) (per curiam). As the Court explained: "[o]n federal habeas review, AEDPA 'imposes a highly deferential standard for evaluating state-court rulings' and 'demands that state-court decisions be given the benefit of the doubt.'" Id. at 1307 (citation omitted). With these principles in mind regarding the standard and limited scope of review in which this Court may engage in federal habeas proceedings, the Court addresses Petitioner's claims.

C.  **Claims and Analysis**

Petitioner claims the following grounds for federal habeas relief: (1) he is suffering multiple punishments for the same offence in violation of the Fifth Amendment's prohibition against double jeopardy[2]; and (2) his right to Equal Protection is being violated.

   1.  **Double Jeopardy**

Petitioner claims that he is being unlawfully punished for both the greater offense of gross vehicular manslaughter while intoxicated and the lesser included offense of driving under the influence of alcohol causing injury, even though the offenses arise from a single criminal act involving a single victim. Petitioner received 15 years for the greater offense and a concurrent but stayed six-year sentence on the lesser included offense. The greater offense is a non-violent offense and therefore allows the maximum work-time credits possible, which is currently 50 percent. However, the lesser included offense is a violent offense which limits

---

[2]Respondent argues that the petition should be dismissed as a mixed petition because Petitioner did not present this first claim to the California Supreme Court. Petitioner asserts in his traverse that he presented the claim in a separate petition for review. (Trav. at 3, 5.) Because Respondent also answered alternatively on the merits of the claim, the Court will proceed on the merits.

Order Denying Petition; Denying COA
P:\PRO-SE\EJD\HC.12\00588Lacerda_denyHC.wpd        4

work-time credits to 15 percent. As result, Petitioner argues that he is being punished with the greater offense's lengthier prison term of 15 years and the lesser included offense's work-time credit restriction of 15 percent. Petitioner asserts that this cumulative punishment is "contrary" to clearly established federal law. (Am. Pet. at 7-8.)

Respondent does not dispute that Petitioner is subject to the 15 percent restriction:

> Penal Code section 2933.1(a) states: "Notwithstanding any other law, any person who is convicted of a felony offense listed in subdivision (c) of Section 667.5 shall accrue no more than 15 percent of worktime credits, as defined in section 2933." Section 667.5(c) lists several violent felonies, including "[a]ny felony in which the defendant inflicts great bodily injury on any person other than an accomplice which has been charged and proved as provided for in Section 12022.7...." Penal Code § 667.5(c)(8). Because [Petitioner] was convicted of causing great bodily injury under section 12022.7 – an enumerated violent felony under Penal Code section 667.5 – he is limited to accruing no more than 15 percent worktime credit under Penal Code section 2933.1. (Ex. 1); Penal Code §§ 667.5(c)(8); 2933.1(a).

(Ans. at 4.) Respondent argues that Petitioner is not being punished twice for the same offense because the sentence for the lesser offense was stayed.

The Double Jeopardy Clause of the Fifth Amendment guarantees that no person shall "be subject for the same offense to be twice put in jeopardy of life or limb." U.S. Const. amend. V. In Benton v. Maryland, 395 U.S. 784 (1969), its protections were held applicable to the states through the Fourteenth Amendment. The guarantee against double jeopardy protects against (1) a second prosecution for the same offense after acquittal or conviction, and (2) multiple punishments for the same offense. See Witte v. United States, 515 U.S. 389, 395-96 (1995); United States v. DiFrancesco, 449 U.S. 117, 129 (1980); North Carolina v. Pearce, 395 U.S. 711, 717 (1969); Staatz v. Dupnik, 789 F.2d 806, 808 (9th Cir. 1986). Petitioner's claim is based on the latter of the two prohibitions.

The double jeopardy protection against multiple punishments is designed to ensure that the sentencing discretion of courts is confined to the limits established by

the legislature. See Garrett v. United States, 471 U.S. 773, 793 (1985); Ohio v. Johnson, 467 U.S. 493, 499 (1984); Brown v. Ohio, 432 U.S. 161, 165 (1977).[3] Because the substantive power to prescribe crimes and determine punishments is vested with the legislature the question under the Double Jeopardy Clause whether punishments are "multiple" is essentially one of legislative intent. See Missouri v. Hunter, 459 U.S. 359, 366-68 (1983). When the legislature intends to impose multiple punishments, as for example in a sentence enhancement for use of a firearm in the crime, there is no double jeopardy. Plascencia v. Alameda, 467 F.3d 1190, 1204 (9th Cir. 2006) (California Penal Code § 12022.53 does not offend double jeopardy principles). Nor is there clearly established federal law requiring a state court to consider sentencing enhancements as an element of an offense for purposes of the Double Jeopardy Clause. Smith v. Hedgpeth, 706 F.3d 1099, 1106 (9th Cir. 2013).

If it is evident that Congress or a state legislature intended to authorize cumulative punishments, a federal court's inquiry is at an end. See Johnson, 467 U.S. at 499 n.8; Hunter, 459 U.S. at 369; United States v. Martinez, 49 F.3d 1398, 1402 n.6 (9th Cir. 1995), cert. denied, 516 U.S. 1065 (1996); accord United States v. Wolfswinkel, 44 F.3d 782, 784 (9th Cir. 1995) ("If Congress enacts statutes that indicate an intent to impose separate punishments, those statutes define separate offenses, and the punishments do not violate the Constitution.") (citing Albernaz v. United States, 450 U.S. 333, 344 (1981)). If Congress has not authorized multiple punishments for the same offense, the Fifth Amendment's guarantee against double jeopardy prohibits them. See United States v. James, 556 F.3d 1062, 1067 (9th Cir. 2009) (second degree murder and robbery offenses were lesser included offenses of

---

[3] If the alleged second punishment is for a different offense, the court need not inquire into whether there have been multiple punishments. See Noriega-Perez v. United States, 179 F.3d at 1171 (declining to inquire whether INS penalty is civil or criminal because penalty was assessed for separate offense from prior criminal conviction).

Order Denying Petition; Denying COA
P:\PRO-SE\EJD\HC.12\00588Lacerda_denyHC.wpd          6

felony murder conviction for the same victim and could not be punished separately because Congress had not authorized it).

Petitioner's claim is without merit. According to Penal Code section 654, a criminal act punishable under multiple provisions must be punished under the provision with the longest potential term of imprisonment and not more than under more than one provision. Pen. Code § 654(a). Recognizing that the imposition of concurrent sentence is still punishment and raises double jeopardy concerns, the state legislature made sure this was never the case. See People v. Alford, 180 Cal.App.4th 1463, 1468 (Cal.Ct. App. 2010); see Rutledge v. United States, 517 U.S. 292, 302 (1996). However, Supreme Court precedent makes clear that double jeopardy is violated where the state legislature specifically intended to authorize such punishment. See Garrett, 471 U.S. at 793. The state superior court denied the claim under state supreme court precedent interpreting the intention of section 2933.1:

> Petitioner misconstrues section 2933.1 and misinterprets *In re Pope*, 50 Cal.4th 777 (2010), a case upon which he relies in making his challenge. In that case, like this one, *Pope's* petitioner was convicted of both violent and non-violent offenses. In that case, like this one, *Pope's* petitioner received stayed sentences for his violent offenses. In that case, like this one, *Pope's* petitioner was limited to work-time credits of 15 percent. In that case, the California Supreme Court specifically found that section 2933.1 applies to limit work-time credits to a defendant's entire sentence, including sentences for non-violent offenses, even where defendant received stayed sentences for his violent offenses. Petitioner's argument in his petition, identical to the one made in *Pope*, is without merit and fails for the same reasons set forth in *Pope*.

(Ans. Ex, 4 at 1.)

As established by the state high court, section 2933.1 imposed work-time limitations to a defendant's *entire* sentence, even where a defendant, like Petitioner, received stayed sentences for his violent offense. Because it is evident that the state legislature intended to authorize the cumulative punishment to which Petitioner is subject, this Court's inquiry is at end. See Johnson, 467 U.S. at 499 n.8. Accordingly, this claim is DENIED as without merit.

Order Denying Petition; Denying COA
P:\PRO-SE\EJD\HC.12\00588Lacerda_denyHC.wpd     7

## 2. **Equal Protection**

Petitioner's second claim is that he is being deprived of his right to equal protection because although his convictions arise from a single criminal act and involved a single victim, he is being punished more severely than a defendant who has committed multiple criminals acts with multiple victims. (Pet. at 8-9.) In support, Petitioner compares his situation to the defendant in In re Reeves, 35 Cal.4th 765 (2005).

The Equal Protection Clause of the Fourteenth Amendment does not assure uniformity of judicial decisions or immunity from judicial error; otherwise, every alleged misapplication of state law would constitute a federal constitutional question. See Alford v. Rolfs, 867 F.2d 1216, 1219 (9th Cir. 1989) (citing Beck v. Washington, 369 U.S. 541, 554-55 (1962)); see, e.g., Little v. Crawford, 449 F.3d 1075, 1083 (9th Cir. 2006) (petitioner cannot establish equal protection claim warranting habeas relief simply because, or if, the Nevada Supreme Court misapplied Nevada law or departed from its past precedents).

The Equal Protection Clause prohibits the arbitrary and unequal application of state law by the same court, however. A state court may not, for example, afford one person (other than litigant whose case is vehicle for promulgation of new rule) the retroactive effect of a ruling on state constitution's right to impartial jury while denying it to another. See Myers v. Ylst, 897 F.2d 417, 421 (9th Cir.) (California Supreme Court simultaneously afforded one petitioner retroactive effect of a ruling while denying that benefit to another petitioner with nearly identical evidence and facts), cert. denied, 498 U.S. 879 (1990). Myers v. Ylst concerns arbitrary and unequal application of state law by the same court (and panel) and should not undermine, however, settled precedent that mere error in application of state law does not give rise to a federal habeas claim. See Alford, 867 F.2d at 1219.

Petitioner's claim is without merit because he and the defendant in Reeves

are not similarly situated as he asserts.[4] As Respondent points out, the defendant in Reeves was convicted of a nonviolent drug offense in one criminal proceeding and plead guilty to assault with an enhancement for causing great bodily injury in a separate proceeding. (Ans. at 7, citing In re Reeves, 35 Cal.4th at 769.) Petitioner is correct that the Reeves defendant was also subject to the 15 percent credit limitation of section 2933.1(a) because of his assault conviction, which was a violent felony enumerated in section 667.5(c). (Id., Penal Code §§ 667.5(c), 2933.1(a).) However, the Reeves defendant's convictions stemmed from separate criminal acts although the sentences ran concurrently, (id.) while Petitioner's convictions were based on a single crime. Lastly, while the Reeves defendant was serving the sentence for his violent offense, Petitioner's violent felony sentence was stayed. (Id.) Accordingly, it cannot be said that the state courts either arbitrarily or unequally applied state law to similarly situated defendants in violation of equal protection. See Little v. Crawford, 449 F.3d at 1083. And even if there was an error on the state level, it does not give rise to a federal habeas claim. See Alford, 867 F.2d at 1219.

Because the state court's rejection of Petitioner's claims was not an unreasonable application of Supreme Court precedent or based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding, Petitioner is not entitled to federal habeas relief. See 28 U.S.C. § 2254(d).

## CONCLUSION

After a careful review of the record and pertinent law, the Court concludes that the Petition for a Writ of Habeas Corpus must be **DENIED**.

Further, a Certificate of Appealability is **DENIED**. See Rule 11(a) of the

---

[4] Petitioner relies on Engquist v. Oregon Department of Agriculture, 553 U.S. 591 (2008) as a basis for his Equal Protection claim, but that Supreme Court case involved an employment discrimination action which is inapplicable to the case at bar.

Rules Governing Section 2254 Cases.  Petitioner has not made "a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  Nor has Petitioner demonstrated that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000).  Petitioner may not appeal the denial of a Certificate of Appealability in this Court but may seek a certificate from the Court of Appeals under Rule 22 of the Federal Rules of Appellate Procedure.  <u>See</u> Rule 11(a) of the Rules Governing Section 2254 Cases.

The Clerk shall terminate any pending motions, enter judgment in favor of Respondent, and close the file.

**IT IS SO ORDERED.**

DATED: 1/16/2015

EDWARD J. DAVILA
United States District Judge

UNITED STATES DISTRICT COURT

FOR THE

NORTHERN DISTRICT OF CALIFORNIA

STEVEN M. LACERDA,

        Petitioner,

v.

KEVIN CHAPPELL, Warden,

        Respondent.

Case Number: CV12-00588 EJD

**CERTIFICATE OF SERVICE**

I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.

That on 1/20/2015 , I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.

Steven M. Lacerda F-18673
San Quentin State Prison
SH2U
San Quentin, CA 94974

Dated: 1/20/2015

        Richard W. Wieking, Clerk
        /s/By: Elizabeth Garcia, Deputy Clerk